IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:12-CR-47-1 |
| | § | |
| TIMOTHY WAYNE HARRIS, JR. | § | |
| a/k/a "J" and | § | |
| JERRY LEE EDWARDS | § | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS AND
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. Before the court is the issue of the Defendant's competency to stand trial. See 18 U.S.C. § 4241 et seq. Timothy Wayne Harris, the Defendant, is charged in five counts of the First Superseding Indictment: two counts alleging violations of 18 U.S.C. § 2119, carjacking; two counts alleging violations of 18 U.S.C. § 924(c)(1), brandishing a firearm during and in relation to a crime of violence; and one count alleging a violation of 18 U.S.C. § 2119, conspiracy to commit a carjacking. On October 10, 2013, the magistrate judge submitted a report recommending that Harris be found competent because he understands the nature and consequences of the proceedings against him and is able to assist in his defense. Docket 68. Harris filed timely objections to the magistrate's report and recommendation on October 21, 2013. Docket 72.

**I.     Standard of Review**

It is not clear whether a ruling on a defendant's competency to stand trial is dispositive or non-dispositive. United States v. Nunez, 00-CR-199S, 2013 WL 1773627, at *1 (W.D.N.Y.

1

Mar. 8, 2013) report and recommendation adopted, 00-CR-199S, 2013 WL 1773583 (W.D.N.Y. Apr. 25, 2013). The magistrate judge presumably recognized this potential conflict, and prudently determined that Harris's competency is an issue relegated to the subject of a Report and Recommendation rather than direct order.

A magistrate judge's recommendations are entitled to *de novo* review by the United States District Judge, upon proper objection by either party. 28 U.S.C § 636(b)(1)(C). Harris filed timely objections to the magistrate judge's Report and Recommendation. This court, therefore, conducts a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). The court has conducted such review, and after careful consideration, concludes that Harris's objections are without merit.

## II.     Analysis

In reaching the conclusion that Harris is competent to stand trial, the magistrate judge reviewed the following evidence presented by both parties: three medical reports submitted from evaluating psychologists, medical records, Harris's recorded telephone conversations while receiving psychological treatment, and proffers from Harris's counsel based on his own relationship with his client and conversations with his client's father. In weighing all of the evidence, the magistrate judge found that the medical report submitted after a four-month evaluation carried the greatest weight, and adopted the doctor's findings that Harris is competent to stand trial.

Harris objects to the magistrate judge's report on the grounds that the greater weight of the evidence supports a finding that he is incompetent. Specifically, Harris claims the proffered testimony of his father, which was *not* made available to the psychologist who determined that Harris is competent, refutes the doctor's findings. Harris's counsel also alleges that his client's

Mar. 8, 2013) report and recommendation adopted, 00-CR-199S, 2013 WL 1773583 (W.D.N.Y. Apr. 25, 2013). The magistrate judge presumably recognized this potential conflict, and prudently determined that Harris's competency is an issue relegated to the subject of a Report and Recommendation rather than direct order.

A magistrate judge's recommendations are entitled to *de novo* review by the United States District Judge, upon proper objection by either party. 28 U.S.C § 636(b)(1)(C). Harris filed timely objections to the magistrate judge's Report and Recommendation. This court, therefore, conducts a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). The court has conducted such review, and after careful consideration, concludes that Harris's objections are without merit.

## II.     Analysis

In reaching the conclusion that Harris is competent to stand trial, the magistrate judge reviewed the following evidence presented by both parties: three medical reports submitted from evaluating psychologists, medical records, Harris's recorded telephone conversations while receiving psychological treatment, and proffers from Harris's counsel based on his own relationship with his client and conversations with his client's father. In weighing all of the evidence, the magistrate judge found that the medical report submitted after a four-month evaluation carried the greatest weight, and adopted the doctor's findings that Harris is competent to stand trial.

Harris objects to the magistrate judge's report on the grounds that the greater weight of the evidence supports a finding that he is incompetent. Specifically, Harris claims the proffered testimony of his father, which was *not* made available to the psychologist who determined that Harris is competent, refutes the doctor's findings. Harris's counsel also alleges that his client's

failure to cooperate, communicate, or assist in his defense establishes his inability to assist counsel in preparation of his defense.

The court recognizes that sometimes, the close interaction presumed by the lawyer/client relationship makes trial counsel the best source of information about a defendant's competency. Aldridge v. Thaler, CIV.A. H-05-608, 2010 WL 1050335, at *6 (S.D. Tex. Mar. 17, 2010) (citing Watts v. Singletary, 87 F.3d 1282, 1288 (11th Cir. 1996) ("Because legal competency is primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect.")) An attorney's opinion of his client's competency to stand trial, however, is not dispositive. Aldridge at *6. Attorneys are not trained mental health professionals and may not fully appreciate the pervading and debilitating nature of mental illness during the thick of trial. Id. (citing Odle v. Woodford, 238 F.3d 1084, 1089 (9th Cir. 2001) (holding that even though "[t]he observations of those interacting with petitioner surely are entitled to substantial weight," a reviewing court must not treat those observations as determinative: "personal observations cannot overcome the significant doubt about . . . competence raised by . . . clinical evidence."))

Similarly, psychologists are not lawyers and identifying or treating mental illness does not necessarily coincide with the legal ramifications of competency as defined by the courts. Aldridge at *7. However, testimony by mental-health experts who have personally examined the defendant often carries greater weight than those who have only reviewed the record. Aldridge at *7 (comparing Demosthenes v. Baal, 495 U.S. 731, 736 (1990) (expressing skepticism for conclusory opinions by doctors who have not personally examined the prisoner when determining mental competency for next-friend purposes); Dowthitt v. Johnson, 230 F.3d 733, 746 (5th Cir. 2000) (finding an expert opinion to be unpersuasive where it was "based on [the

expert's] review of a portion of the paper record, and [the expert] did not personally interview [the defendant]")).

Harris first objects to the magistrate judge's report and recommendation because he argues that the greater weight of the evidence supports a finding of incompetency to stand trial. Harris claims his father's testimony, elicited through only a proffer, refutes "some" of the factors found by Dr. Baecht. As the magistrate judge noted, Dr. Baecht's evaluation was significantly more comprehensive than previous or subsequent evaluations, and was the product of a four month observation period in a controlled environment. During this time, despite Harris's deliberate uncooperative behavior with medical doctors, he did not appear mentally ill during his interactions with correctional staff, maintained good grooming, hygiene and room cleanliness, and did not routinely engage in disruptive or bizarre behavior (except for one verbal altercation). Moreover, and perhaps most importantly, Harris was recorded having meaningful telephone conversations with family members in which he discusses "going through the process" to have his competency determined, and upcoming legal proceedings. During these telephone calls, Harris engages in meaningful communication with family members without difficulty, asks relevant questions, and responds appropriately. The proffered testimony of Harris's father that his son is incompetent does not counter the weight given to a medical doctor, trained in diagnosing and treating mental illness, who spent four months observing and evaluating Harris in a controlled environment.

Secondly, Harris objects to the magistrate judge's finding that he is able to assist his counsel. Harris's counsel recites a litany of issues he has had in representing Harris. While the court sympathizes with Harris's counsel in having to represent an uncooperative client who refuses to communicate, Harris's disobliging behavior does not necessitate a finding of

incompetence. Harris's actions, at most, demonstrate a defendant who is *uncooperative* with his counsel, not a defendant that has an *inability* to assist his counsel. Like the magistrate judge and Dr. Baecht, the court finds by a preponderance of the evidence that Harris does have the ability to assist his counsel.

### III.   Order

Having conducted an independent review, the court concludes that the Defendant is competent to stand trial because he is able to understand the nature and consequences of the proceedings against him, and able to assist his attorney in his defense. It is therefore

**ORDERED** that the report and recommendation of the United States magistrate judge on defendant's competency to stand trial is **ADOPTED**. It is further

**ORDERED** that Defendant, Timothy Wayne Harris, is competent to stand trial. The speedy trial time shall be excluded from June 6, 2012, until the date of this order.

**SIGNED** this the 4 day of **November, 2013.**

_____
Thad Heartfield
United States District Judge